1   MORGAN, LEWIS & BOCKIUS LLP
    BARBARA J. MILLER, (SBN 167223)
2   barbara.miller@morganlewis.com
    MARIA O. GUTIERREZ, (SBN 209995)
3   maria.gutierrez@morganlewis.com
    S. SEÁN KUNDU, (SBN 252410)
4   skundu@morganlewis.com
    5 Park Plaza
5   Suite 1750
    Irvine, CA 92614
6   Tel:  949.399.7000
    Fax:  949.399.7001
7
    Attorneys for Defendant
8   BEST BUY STORES, L.P.

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12   MICHAEL KARRER, and SANTIAGO        Case No. CV 11-07697 JAK (MRWx)
     ESTRADA, individuals, on behalf of
13   themselves, and all others similarly   **DEFENDANT BEST BUY STORES,**
     situated,                              **L.P.'S MEMORANDUM OF**
                                            **POINTS AND AUTHORITIES IN**
14                    Plaintiffs,           **SUPPORT OF MOTION FOR**
                                            **SUMMARY JUDGMENT OR, IN**
15           vs.                            **THE ALTERNATIVE, MOTION**
                                            **FOR PARTIAL SUMMARY**
16   BEST BUY CO., INC., a Minnesota        **JUDGMENT OF PLAINTIFFS'**
     Corporation authorized to do business in  **CLAIMS**
17   the State of California,
                                            Date:        April 19, 2012
18                    Defendants.           Time:        8:30 a.m.
                                            Ctrm.:       760 – 7th Floor
19
                                            Complaint Filed:    July19, 2011
20                                          SAC filed:          February 6, 2012
                                            Trial Date:         None Set
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
    IRVINE

DB1/ 69368262.1

**TABLE OF CONTENTS**

**PAGE**

I.  INTRODUCTION ................................................................. 1

II. SUMMARY OF FACTS ......................................................... 3

A. Background ................................................................. 3

B. Plaintiffs' Employment with Best Buy .................................. 4

C. Best Buy's Corporate Policy Regarding Holiday Pay for Managers ................... 4

D. The Scheduling Memo That Forms the Basis for Plaintiffs' Claims .................. 6

E. Plaintiffs' Knowledge of the Scheduling Memo ........................ 7

F. Relevant Procedural Background ........................................ 8

III. SUMMARY JUDGMENT STANDARD ............................... 9

IV. LEGAL ARGUMENT ............................................................ 9

A. The Existence of a Contract Is Essential to Each of Plaintiffs' Claims .............. 9

B. Plaintiffs' Fourth Cause of Action for a Breach of Contract Fails ................... 11

1. Plaintiff's Breach of Contract Claim Fails Because the Scheduling Memo Is Not a Contract ........................................................ 12

2. Plaintiffs' Breach of Contract Claim Also Fails Because Plaintiffs Have No Damages ...................................................... 14

C. Plaintiffs' First Cause of Action for Failure to Pay Wages Fails ..................... 16

1. No Agreement Obligated Best Buy to Schedule Plaintiffs for a Day Off If They Worked a Company-Designated Holiday ............................ 16

2. Even If the Scheduling Memo Provided a Benefit to Plaintiffs, the Benefit Does Not Constitute Vacation .......................................... 17

D. Plaintiffs' Second Cause of Action Fails ................................ 19

E. Summary Judgment Should Be Granted As to Plaintiffs' Third Cause of Action for Violation of Section 227.3 ....................... 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

i

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

F.  Plaintiffs' Fifth Cause of Action Under California's Unfair Competition
Law Should Be Dismissed As Derivative ........................................................... 22

G.  Plaintiffs' Sixth Cause of Action Under PAGA Should Be Dismissed ............. 23

H.  Summary Judgment Should Be Granted on All of Karrer's Labor Code
Claims ................................................................................................................. 23

V.  CONCLUSION ................................................................................................. 24

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Irvine

DB1/ 69368262.1

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1
2

## TABLE OF AUTHORITIES

3                                                                          **Page(s)**

**CASES**
4

5   *Abdelhamid v. Fire Ins. Exch.*,
6        182 Cal. App. 4th 990 (2010)................................................................. 11

7   *Anderson v. Liberty Lobby, Inc.*,
8        477 U.S. 242 (1986) .............................................................................. 9

9   *Arias v. Superior Ct.*,
        46 Cal. 4th 969 (Cal. Ct. App. 2009) ................................................... 22

10  *Armenta v. Osmose, Inc.*,
11       135 Cal. App. 4th 314 (2005) .............................................................. 19

12  *Binder v. Aetna Life Ins. Co.*,
13       75 Cal. App. 4th 832 (1999) ................................................................ 11

14  *Bryant v. Ochoa*,
         2010 WL 5287540 (S.D. Cal. November 19, 2010) ............................. 9
15

16  *Bulman v. Safeway, Inc.*,
17       27 P.3d 1172 (Wash. 2001) ................................................................. 12

18  *Celotex Corp. v. Catrett*,
         477 U.S. 317 (1986) ............................................................................. 8
19

20  *Church v. Jamison*,
         143 Cal. App. 4th 1568 (2006)............................................................ 23
21

22  *Donovan v. RRL Corp.*,
         26 Cal. 4th 261 (2001)......................................................................... 11

23  *Erlich v. Menezes*,
24       21 Cal. 4th 543 (1999)......................................................................... 14

25  *Fairbank v. Wunderman Cato Johnson*,
         212 F.3d 528 (9th Cir. 2000) ................................................................ 8
26

27  *FEI Enterprises, Inc. v. Kee Man Yoon*,
         194 Cal. App. 4th 790 (2011) .............................................................. 19
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

iii

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

*Foley v. Interactive Data Corp.*,
 47 Cal. 3d 654 (1988) ...................................................................................11, 16, 21

*Guz v. Bechtel Nat., Inc.*,
 24 Cal. 4th 317 (2000) ........................................................................................ 11, 21

*Hepp v. Lockheed-California Co.*,
 86 Cal.App.3d 714 (1978) .......................................................................................... 21

*Hillsman v. Sutter Community Hosp.*,
 153 Cal. App. 3d 743 (1984) .............................................................................. 12, 16

*Hood v. Hartford Life & Accident Ins. Co.*,
 2009 WL 453115 (E.D. Cal. Feb. 23, 2009) ....................................................... 14

*Kashmiri v. Regents of Univ. of Cal.*,
 156 Cal. App. 4th 809 (2007) .................................................................................. 11

*Krantz v. BT Visual Images, LLC*,
 89 Cal. App. 4th 164 (2001) ................................................................................... 22

*Matsushita Elec. Indus. Co. v. Zenity Radio Corp.*,
 475 U.S. 574 (1986) ..................................................................................................... 9

*Metcalf v. Drexel Lending Group*,
 2008 WL 4748134 (S.D. Cal. Oct. 29, 2008) ................................................... 11

*Modafferi v. General Instrument Corp.*,
 1991 WL 527677 (S.D. Cal. Feb. 21, 1991) ....................................... 2, 12, 13, 16

*Morris v. Lutheran Medical Center*,
 215 Neb. 677 (1983) .................................................................................................. 21

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*,
 210 F.3d 1099 (9th Cir. 2000) ................................................................................ 8

*Paton v. Advanced Micro Devices, Inc.*,
 197 Cal. App. 4th 1505 (2011) .................................................................... passim

*Pettis v. Sundstrand Corp.*,
 1994 WL 283952 (9th Cir. 1994) ...................................................................... 12, 16

*Prachasaisoradej v. Ralph's Grocery Co.*,
 42 Cal. 4th 217 (2007) .............................................................................................. 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

*Rubin v. Wal-Mart Stores, Inc.*,
  599 F. Supp. 2d 1176 (N.D. Cal. 2009)................................................. 21

*Sampson v. Parking Service 2000 Com, Inc.*,
  117 Cal. App. 4th 212 (2004) ............................................................... 19

*Smith v. Rae-Venter Law Group*,
  29 Cal. 4th 345 (2002), superseded ...................................................... 19

*Van Ness v. Blue Cross*,
  87 Cal. App. 4th 364 (2001) ................................................................. 22

*Weddington Prod., Inc. v. Flick*,
  60 Cal. App. 4th 793 (1998) ................................................................. 11

STATUTES

Cal. Code Regs. tit. 8, § 13520 .................................................................. 19

California Business and Professions Code Section 17200 .......................... 21

California Labor Code § 201 ........................................................................ 8

California Labor Code § 202 ........................................................................ 8

California Labor Code § 203 ............................................................... 8, 19, 20

California Labor Code Section § 216 ...................................................... 8, 15

California Labor Code § 218.5 ..................................................................... 8

California Labor Code § 227.3 ............................................................ passim

OTHER AUTHORITIES

1 Witkin, Summary of California Law, Contracts § 181 (10th ed. 2005)............. 11

DLSE Opinion Letter 2003.05.21............................................................... 17

Fed. R. Civ. P. 56(a) ................................................................................... 8

Fed. R. Civ. P. 56(c) ................................................................................... 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

v

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

I.     **INTRODUCTION**

Defendant Best Buy Stores, L.P. ("Best Buy") operates retail stores in California that sell electronics, appliances, and other merchandise.  Best Buy provides its managers with paid vacation.  In addition, it designates six holidays per year – New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving, and Christmas Day.  The stores are closed on Thanksgiving and Christmas Day, but managers are paid for these days.  With respect to the remaining four designated holidays, Best Buy's companywide, corporate policy on its intranet web site provides that exempt managers will receive their regular salary for the week during which the holiday occurs, regardless of whether they work the holiday.

Plaintiffs Michael Karrer ("Karrer") and Santiago Estrada ("Estrada") (collectively, "Plaintiffs") were both employed as exempt store managers.[1]  Karrer was the General Manager ("GM") for Best Buy's Corona store but was suspended in May 2011 for violating Best Buy's employee discount policy and subsequently demoted to an assistant manager position.  He remains employed by Best Buy, but has not worked since early May 2011.  Estrada was terminated in May 2011 for inappropriate conduct.

Plaintiffs filed the instant lawsuit alleging the following six causes of action against Best Buy:  (1) failure to pay wages; (2) failure to timely pay wages owed upon termination; (3) maintaining an illegal vacation policy; (4) breach of contract; (5) unfair competition; and (6) penalties pursuant to California's Private Attorney General Act ("PAGA").  All six causes of action are based on a memo (the "Scheduling Memo") that was never provided to either Plaintiff or the stores where either Plaintiff worked.  The Scheduling Memo was intended as a tool that stores could use to schedule managers who worked on one or more of the four designated holidays that the stores were open.  Each claim is based on or derivative of

---

[1] Karrer is currently employed by Best Buy but is out on workers' compensation leave.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

1

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1   California Labor Code Section 227.3 ("Section 227.3") and hinge on whether:  (1)

2   the Scheduling Memo was a contract; and (2) if so, whether it provided  for

3   "vacation" pursuant to Section 227.3.  *See* SAC ¶¶ 22, 30, 40, 44, 50, 94.

4           Plaintiffs admit that they had no knowledge of the Scheduling Memo and/or

5   never relied on the Scheduling Memo before a company-designated holiday took

6   place.  Thus, the Scheduling Memo is not a contract or a policy that can form the

7   basis for a claim by Plaintiffs, because a contract based on an employment policy

8   can ***only*** exist if there is evidence of "knowledge, reliance and mutual

9   understanding of the policies in question."  *Modafferi v. General Instrument Corp.*,

10  1991 WL 527677, at *6 (S.D. Cal. Feb. 21, 1991).  Accordingly, summary

11  judgment should be granted on each of Plaintiffs' claims.

12          Moreover, even if the Scheduling Memo were a policy or contract (which it

13  is not), the benefit it provides is not vacation within the meaning of Section 227.3.

14  The benefit stated by the Scheduling Memo does not accrue over time, and it is

15  conditioned on the occurrence of a specific event.  Thus, it is not vacation:  "[P]aid

16  time off for state or federal holidays" is not "vacation" under Section 227.3 because

17  it is conditioned upon the occurrence of a specific event.  *Paton v. Advanced Micro*

18  *Devices, Inc.*, 197 Cal. App. 4th 1505, 1519 (2011).  Thus, summary judgment is

19  appropriate for this separate and distinct reason.

20          Finally, Karrer's claims are not ripe for adjudication because he is a current

21  Best Buy employee.  Section 227.3 claims only apply to former employees.  His

22  claims, therefore, all fail as a matter of law.

23          Based on the foregoing reasons, the Court should grant Best Buy's motion

24  for summary judgment in its entirety or, in the alternative, partial summary

25  judgment.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

## II.    SUMMARY OF FACTS

### A.    Background

Best Buy is a specialty retailer of consumer electronics, home-office products, entertainment software, appliances, and related services.  Headquartered in Minnesota, Best Buy operates stores across the country and organizes them by Territories and Districts.  Best Buy provides all of its employees with training upon hire which include a review of company policies that are available on Best Buy's intranet website eGO.  Uncontroverted Fact ("UF") 1.  Specifically, Best Buy's official corporate policies are stated on eGO.  UF 2.  All employees have access to eGO and are aware that the company's Human Resource policies can be found there.  UF 3.  Also, each District has a Human Resource Manager ("DHRM") to provide employees with live HR support and assist stores with any personnel or policy issues.  Bonura Dec., ¶ 2.  A District generally embraces 10-12 stores.

Each Best Buy retail store has a management staff consisting of a GM and three or more assistant managers.  Assistant manager positions include product process managers ("PPMs") who are responsible for warehouse and inventory functions, operations managers ("OMs") who are generally responsible for store operations, and customer solutions managers ("CSMs") who are responsible for sales associates and the sales floor.

Each retail store is responsible for developing its own manager schedule for staffing the store with manager coverage.  Because the management staff is exempt from overtime requirements, Best Buy places no constraints on how a store elects to staff its managers, as managers get paid the same weekly salary regardless of the number of hours/days that they work.  A store may schedule a manager for six days one week and four days another week.  Similarly, a store may schedule a manager who works on a company-designated holiday one week to work only four days on another week.  Regardless, the manager gets paid the same amount – his/her weekly salary – regardless of whether the manager works six days or four days.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

3

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

### B.   Plaintiffs' Employment with Best Buy

Estrada was an exempt manager with Best Buy from approximately February 2008 through his termination in or around May 2011.  UF 4.  Estrada was first hired in or around 2001 as an hourly employee.  In or around February 2008, Estrada was transferred to Best Buy's Victorville store in District 63 and promoted to an exempt PPM position.  Best Buy stores went through a re-alignment of districts in 2009, and the Victorville store was moved to District 24.  Estrada was transferred again in or around February 2010 to Best Buy's West Covina location, which is also in District 24 where he worked as a PPM.  Estrada was terminated by Best Buy in May 2011 for inappropriate conduct.

Karrer has been an exempt manager with Best Buy from approximately January 2008. UF 5.  Karrer began working as an exempt assistant manager at Best Buy's Corona store in District 63.  Karrer was promoted to GM of the Corona Store in or around June 2009.  Karrer remained in this position until he was suspended for violating Best Buy's employee discount policy in May 2011 and was demoted to an assistant manager position.  Soon thereafter, Karrer filed a workers' compensation claim for stress.  He has been out on a leave of absence since May 2011.  UF 6.  Karrer remains employed with Best Buy.  UF 36.

### C.   Best Buy's Corporate Policy Regarding Holiday Pay for Managers

As discussed above, Best Buy's company policies are provided through its intranet website eGO.  UF 1.  Best Buy employees, including Plaintiffs, are notified and aware that the company's corporate policies can be found on eGO.  UF 3.  The introduction to the Best Buy policies contained on eGO states as follows:

> Policies are written expressions of our company values and expectations and serve as the guidelines for all of us to follow when working at Best Buy.  Each of us is expected to read these policies so all of us, as employees, know what's expected of every member of the Best Buy team.  Company policies are not a contract but rather establish reasonable expectations of each of us and are interpreted by leadership at its discretion.  Policies may be withdrawn or changed at

any time with or without notice due to a changing business climate or other reasons.

Bonura Dec., ¶ 3.

The eGO policies include a policy titled "Holiday Pay," which provides the following:

> If you are a full-time employee you are eligible to receive holiday pay in accordance with this policy for the following Company-designated holidays:
>
> - New Year's Day
> - Memorial Day
> - Independence Day
> - Labor Day
> - Thanksgiving Day (retail stores closed)
> - Christmas Day (retail stores closed)
>
> […]
>
> ***Holiday Pay for Exempt Employees:***
>
> ***If you are an exempt employee, you will receive your regular salary for the week in which a Company-designated holiday is observed.***

UF 7.[2]

Karrer and Estrada both testified that they were aware of this corporate policy.  UF 8.  Moreover, they understood that they would receive their weekly salary during the week of a company-designated holiday, regardless of whether they worked on the holiday.  UF 9.  Neither worked on Thanksgiving Day or Christmas Day, because the stores were closed on these days.  UF 19.  Neither can remember what, if any, other holidays they worked.

Karrer did not work on Memorial Day in 2011 because he was on leave at that point.  UF 20.  Karrer does not know if he worked on New Year's Day in 2011. UF 21.  Karrer is not 100 percent sure whether he worked on Labor Day in 2011. UF 22.  Karrer does not know whether he worked on Fourth of July in 2010.  UF

---

[2] Best Buy's official vacation policy is also located on eGO and entitled, "Vacation Policy."  UF 35.

23.  Karrer believes he worked on Memorial Day in 2010 (UF 24), but does not know whether he worked on any other holiday.  UF 25-33.  Estrada does not remember what holidays, if any, he worked as an assistant manager.  UF 34.

### D.    The Scheduling Memo That Forms the Basis for Plaintiffs' Claims

Karrer bases his claims on the written Scheduling Memo that he first saw sometime in February of 2011.  UF 10, 13.  The Second Amended Complaint ("SAC") asserts that Estrada bases his claim on the same Scheduling Memo.  Estrada, however, never saw the Scheduling Memo and as of his deposition, had no knowledge of its contents.  UF 16.

As indicated above, each store decides how to schedule its management staff.  Managers receive their same salary regardless of the number of days and hours they work.  UF 9.  As a GM, Karrer sought guidance from his DHRM regarding how he should handle scheduling when managers worked six days, but he did not get any answers.  Karrer Depo., 32:7-10.

Sometime in 2006, the Scheduling Memo was prepared and distributed to DHRMs in California.  The Scheduling Memo was titled "Holiday Pay Policy for Retail Employees."  The DHRMs in charge of the Districts where Estrada's and Karrer's stores were located received the Scheduling Memo and read it as a tool that they could distribute to stores if they wanted to send it.  Shurkin Dec., ¶ 4; Valencia Dec., ¶ 3.  The DHRMs in charge of the Districts for Plaintiffs' stores, however, did not distribute it to anyone when they received it.  Shurkin Dec., ¶ 5; Valencia Dec., ¶ 4.

On February 9, 2011, the DHRM for Karrer's District sent an email to another GM of another store in his District to which the Scheduling Memo was attached.  UF 10.  The Scheduling Memo included the following:

Exempt managers will receive one paid holiday, designated in advance of each of the following Company designated holidays:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

6

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

- New Year's Day
- Memorial Day
- Independence Day
- Labor Day
- Thanksgiving Day
- Christmas Day

The date of the holiday will be determined by _____ (insert title of employee with scheduling duties) and scheduled within 30 days before or after the Company holiday.  If the holiday is not used on the designated day, it will be lost.  Unused holidays will not be paid out upon termination of employment.

UF 10, 13.  The Scheduling Memo was not a formal corporate policy, not available through the eGO website, and never distributed to all Best Buy's employees (or managers).  UF 11.  The Scheduling Memo sent to DHRMs, but it was left up to the DHRM's discretion as to what to do with it.  Bonura Dec., ¶ 8.

### E.   Plaintiffs' Knowledge of the Scheduling Memo

Karrer was the GM of his store.  While Karrer was working, the Scheduling Memo was not distributed to Karrer or the store where he worked.  UF 12.  Karrer did see the Scheduling Memo, however, in or around February 2011 because another store's GM forwarded it to him.[3]  UF 13.  Karrer, however, is unaware of any store following the guidelines set forth in the Scheduling Memo.  UF 37.  Karrer was suspended in or around May 2011 and went out on leave soon after.  There were no company-designated holidays between the time Karrer learned of the Scheduling Memo in February of 2011and when he went out on leave in May of 2011 (*i.e.* Karrer went on leave before Memorial Day 2011).  UF 14.

The Scheduling Memo was never distributed to any store in which Estrada was employed or to Estrada personally.  UF 15.   Accordingly, Estrada never saw the Scheduling Memo or had any knowledge of it during his employment.  UF 16.

---

[3] Karrer was aware, however, of Best Buy's corporate Holiday Policy on eGO prior to this.  Karrer Depo., 38:4-39:6, Ex 2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

7

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

He only learned about it from Karrer, when Karrer asked Estrada to meet with him months after Estrada's employment was terminated. UF 17. Indeed, when asked about the contents of the policy on which he based his claims, Estrada testified that the policy entitled him to pay for working on a holiday above and beyond his salary. UF 18. He never saw such a policy or heard about such a policy while employed; rather, Karrer merely told him that such a policy existed. UF 18.

### F.   Relevant Procedural Background

On July 19, 2011, Plaintiffs filed their initial complaint against Best Buy Co., Inc., alleging five causes of action. Plaintiffs filed a First Amended Complaint one month later on August 16, 2011 and added a Sixth Cause of Action. Plaintiffs dismissed Best Buy Co., Inc., with prejudice, in January 2012 and filed a SAC on February 7, 2012 against Defendant Best Buy Stores, L.P. The SAC includes the following six causes of action: (1) failure to pay vacation wages in violation of Labor Code §§ 201, 203, 216, 218.5, and 227.3; (2) failure to timely pay wages owed upon termination in violation of Labor Code §§ 201, 202, and 203; (3) violation of Labor Code § 227.3 for maintaining and implementing a vacation policy that provides for the forfeiture of unused vacation; (4) breach of contract; (5) unfair competition; and (6) violation of PAGA.

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and the moving party is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). To satisfy this burden, it is sufficient for Best Buy to point to an absence of evidence supporting an essential element of Plaintiffs' claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("showing" requires no more than "pointing out through argument" the absence of evidence); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1105 (9th Cir. 2000) (summary judgment burden satisfied by showing an absence of evidence to support an essential element

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

8

DEF'S MEMO OF POINTS & AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

of a claim); *Bryant v. Ochoa*, 2010 WL 5287540, at *17 (S.D. Cal. November 19, 2010) (moving party satisfies burden "by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim").

Plaintiffs cannot defeat summary judgment by merely asserting conclusory statements or discrediting Best Buy's evidence. Fed. R. Civ. P. 56(c). Pointing to a "mere scintilla" of evidence also is not sufficient. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rather, they "must present affirmative evidence." *Id.* at 257. If the evidence in the record "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and the motion should be granted. *Matsushita Elec. Indus. Co. v. Zenity Radio Corp.*, 475 U.S. 574, 587 (1986). Here, Plaintiffs cannot present specific admissible evidence that establishes the essential elements of their claims.

## IV.   LEGAL ARGUMENT

### A.   The Existence of a Contract Is Essential to Each of Plaintiffs' Claims

Each one of Plaintiffs' causes of action hinge on the existence of a contract between the parties. Specifically, all of Plaintiffs' claims depend on the premise that the Scheduling Memo was a contract or agreement between each Plaintiff and Best Buy. Plaintiffs' Fourth Cause of Action for breach of contract is the most obvious of these in which Plaintiffs claim that Best Buy allegedly breached the Scheduling Memo by not providing Plaintiffs with "floating holidays" and accordingly seek "damages equal to the compensation lost." SAC ¶¶ 44, 46.

The remaining causes of action are all based on (or are derivative claims related to) Section 227.3, which requires an employer to pay employees unused vested vacation upon termination *if a contract providing paid vacation exists*. *See* Cal. Lab. Code § 227.3. Thus, Plaintiffs' First, Second, Third, Fifth, and Sixth Causes of Action all require the existence of a contract under Section 227.3.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

9

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1    Plaintiffs allege that the Scheduling Memo forms the basis for their Labor Code

2    claims.  *See* SAC ¶¶ 15, 20, 22, 30, 38, 42, 50, 94.

3           Because Plaintiffs never knew about the Scheduling Memo prior to working

4    on a company-designated holiday, they could not have agreed with Best Buy that

5    they would schedule another day off or enjoyed the benefits of a "policy" never

6    provided to them.  Thus, no contract ever existed between Plaintiffs and Best Buy

7    that entitled Plaintiffs to schedule a day off when working a holiday.  The absence

8    of a contract or agreement between Plaintiffs and Best Buy obligating Best Buy to

9    schedule Plaintiffs for a day off if they worked on a company-designated holiday

10   negates all of Plaintiffs' causes of action.

11          Even if an agreement existed, however, Plaintiffs' Labor Code claims would

12   all fail, because holidays do not constitute vacation pursuant to Section 226.7.

13   Plaintiffs' First Cause of Action for failure to pay wages is premised on the theory

14   that the Scheduling Memo provided Plaintiffs with "vacation" under Section 227.3,

15   and Best Buy failed to pay Plaintiffs "compensation for such unused vacation."

16   SAC ¶¶ 20, 22.  Holidays, however, do not constitute vacation.  Plaintiffs' Second

17   Cause of Action for failure to pay wages owed upon termination is essentially

18   identical to the first as it is also based on the assumption that the Scheduling Memo

19   is a contract that provides "vacation" under Section 227.3, which it does not.  SAC

20   ¶ 30.  Plaintiffs' Third Cause of Action is an express claim under Section 227.3 and

21   is therefore duplicative of their First and Second Causes of Action.  Finally,

22   Plaintiffs' Fifth Cause of Action for unfair competition and Sixth Cause of Action

23   for penalties pursuant to PAGA are derivative claims both based upon Best Buy's

24   alleged violation of Section 227.3.  *See* SAC ¶¶ 50, 52, 92, 94.

25          As discussed below, summary judgment should be granted as to each claim

26   because the Scheduling Memo never created a contract between the parties and did

27   not provide "vacation" pursuant to Section 227.3

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

10

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

**B.**   **Plaintiffs' Fourth Cause of Action for a Breach of Contract Fails**

In California, "[t]he standard elements of a claim for breach of contract are '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010) (quoting *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)); *accord Metcalf v. Drexel Lending Group*, 2008 WL 4748134, at *4 (S.D. Cal. Oct. 29, 2008). Plaintiffs' breach of contract claim fails because they cannot show a contract existed, that it was breached, or that they were damaged by any alleged breach. Formation of a contract requires an offer and acceptance. *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 270-71 (2001). An acceptance requires knowledge of the offer. 1 Witkin, Summary of California Law, Contracts § 181 (10th ed. 2005). Absent knowledge of an offer, no acceptance can be made and no contract formed. *Weddington Prod., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998) (holding that "if there is no evidence establishing a manifestation of assent to the same thing by both parties, then there is no mutual consent to contract and no contract formation").

**1.**   **Plaintiff's Breach of Contract Claim Fails Because the Scheduling Memo Is Not a Contract**

"[W]here the undisputed facts negate the existence . . . of the contract claimed, summary judgment is proper." *Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 337 (2000). Employer policies can constitute an express or implied contract where the parties expressly agree that the guidelines or policies govern the employment relationship, or there is some manifestation of mutual understanding. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 675 n.20 (1988) (unilaterally promulgated written guidelines, such as an employee handbook or policy, constitute an express contract only if the parties expressly agreed that the guidelines or policies governed their relationship); *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th 809, 827 (2007); *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (1999) (in order to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

11

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

form an express contract, a manifestation of mutual assent is required); *Hillsman v. Sutter Community Hosp.*, 153 Cal. App. 3d 743, 753 (1984) (policies "may form part of an implied contract of employment if the employer and employee had a mutual understanding that the rules or procedures would apply to the employee").

Because "***[m]utuality of consent*** is essential to the formation of a contract[,] ... [an employee's] ***lack of knowledge*** of or ***reliance*** on the policy during his employment belies the existence of such consent." *Pettis v. Sundstrand Corp.*, 1994 WL 283952, at *1 (9th Cir. 1994) (emphasis added). Accordingly, a contract based on an employment policy can ***only*** exist if there is evidence of "knowledge, reliance and mutual understanding of the policies in question." *Modafferi*, 1991 WL 527677, at *6; *see Bulman v. Safeway, Inc.*, 27 P.3d 1172, 1174-75 (Wash. 2001) ("'An employer is bound only by promises upon which the employee justifiably relied.' Thus, … as a matter of law, there is not an enforceable promise of specific treatment in specific circumstances 'where the employee did not know about the "promise" until after he was discharged.' Such a promise could not have been justifiably relied upon.").

In *Pettis*, the Ninth Circuit affirmed summary judgment, dismissing the plaintiff's claim that his termination breached the employer's policy because the plaintiff had no knowledge of the policy and, therefore, could not rely upon it:

> To be sure, California employment law recognizes that an employee's allegation that an employer has breached its own termination policies and procedures "may be sufficient to state a cause of action for breach of an employment contract." However, ***Pettis has failed to allege or produce any evidence that he knew about the Sundstrand Division Policy before he was fired, nor did he show that he relied in any way upon the policy***.

*Pettis*, 1994 WL 283952, at *1 (emphasis added).

Similarly, in *Modafferi*, the district court granted summary judgment on an employee's breach of contract claim that alleged his termination violated express and implied promises derived from the employers' policy manual. *Modafferi*, 1991

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

12

DEF'S MEMO OF POINTS & AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

WL 527677, at *5-*6.  In doing so, the court relied, in part, on the employee's testimony that he did not become aware of the policies on which he based his claim until a year into his employment.  *Id.*

Here, the only policy about which Estrada had any knowledge was the official Best Buy policy available on eGO.  UF 8, 15-16.  This policy provided that Estrada would "receive your regular salary for the week in which a Company-designated holiday is observed."  UF 7.  Similarly, Karrer testified that he was fully aware of the eGO policy.  UF 8.  Estrada and Karrer received amounts equal to their full salary for every week that a company-designated holiday was observed, regardless of whether they worked on the holiday.  UF 9.  Thus, Best Buy fully complied with its corporate policy regarding holiday pay for exempt employees.

Rather than the actual Best Buy official holiday pay policy stated on the eGO system, Plaintiffs assert that they are entitled to benefits under the Scheduling Memo that they never received or knew about prior to working a company-designated holiday.  Estrada testified that he had no idea the Scheduling Memo ever existed during his employment with Best Buy.  UF 16.  No contract existed between him and Best Buy because there was no "knowledge, reliance and mutual understanding of the policies in question."  Estrada was never offered the terms and conditions in the Scheduling Memo (UF 15), and he never knew about them.  UF 16.  Thus, he could not have accepted the terms and conditions in the Scheduling Memo and no contract (implied or express) could have ever existed during his employment.

Likewise, Karrer testified that he was unaware that the Scheduling Memo existed until February 2011.  UF 13.  Karrer subsequently took a leave of absence in May 2011, prior to any Best Buy company-designated holidays.  UF 6, 14.  Thus, even if a contract could be said to have been formed by Karrer's receipt of the Scheduling Memo in February 2011, he never became entitled to benefits as he

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

13

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

never worked on a company-designated holiday after his receipt of the Scheduling Memo.  UF 14.

Plaintiffs' breach of contract claim therefore fails as a matter of law because Plaintiffs cannot establish the existence of a contract entitling them to a day off if they worked on a company-designated holiday at the time they worked on a company-designated holiday.[4]

### 2.   Plaintiffs' Breach of Contract Claim Also Fails Because Plaintiffs Have No Damages

"A cause of action for breach of contract requires proof of . . . damages . . . ." *Hood v. Hartford Life & Accident Ins. Co.*, 2009 WL 453115, at *2 (E.D. Cal. Feb. 23, 2009).  And, because "[d]amages are an essential element of a breach of contract cause of action, [] without them [a] plaintiff's cause of action cannot survive." *Id.* at *3.  California courts have held that for a breach of contract claim, "the measure of damages is 'the amount which will compensate the party aggrieved for all the detriment proximately caused thereby' . . . provided the damages are 'clearly ascertainable in both their nature and origin.'"  *Erlich v. Menezes*, 21 Cal. 4th 543, 550 (1999) (quoting Cal. Civ. Code §§ 3300, 3301); *see also* Restatement (Second) of Contracts § 352 (stating that contract damages "are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty").

Assuming that the Scheduling Memo was a contract between the parties (which it is not), Plaintiffs allege that Best Buy breached that contract by failing to schedule them for a day off when they worked on a company-designated holiday. *See* SAC ¶ 44.  In particular, Plaintiffs plead that their damage for this alleged breach is "compensation lost" for having to work on company-designated holidays. *See id.* ¶ 46.  This argument is nonsensical.  It is undisputed that Plaintiffs are

---

[4] Notably, neither Karrer nor Estrada can recall if they actually worked on any company-designated holidays.  *See* UF 19-34.

1  exempt managers (UF 4-5) and are therefore paid the same amount per week

2  regardless of whether they worked on a company-designated holiday.  UF 9.

3  According to the Scheduling Memo, holidays do not accrue and are not paid out.

4  Consequently, even if Plaintiffs worked on a designated holiday, Plaintiffs would

5  not be entitled to any additional compensation (*i.e.*, damages) because they are

6  exempt managers who get paid the same amount regardless of how many hours or

7  days a week they work.  If they had taken a holiday they would have been paid the

8  same amount as they were paid; under no circumstances could they have been paid

9  more than the amount they were actually paid.  Thus, they could not have suffered

10  any monetary damage by an alleged failure to schedule them for a holiday.

11      Moreover, neither Karrer nor Estrada can identify any holiday on which they

12  worked.  UF 19-34.  Any claim of damages by Plaintiffs would be based on nothing

13  more than pure speculation and conjecture.  In short, Plaintiffs cannot offer

14  evidence to establish with reasonable certainty both the occurrence and extent of

15  the number of holidays they worked.  Because Plaintiffs lack evidence to prove the

16  essential damage element of their breach of contract claim, the Court should grant

17  Best Buy's summary judgment on this cause of action.

18      **C.**      **Plaintiffs' First Cause of Action for Failure to Pay Wages Fails**

19      Plaintiffs' First Cause of Action is quite difficult to decipher.  It cites Labor

20  Code Section 216, which is a criminal statute that cannot form the basis for a civil

21  claim.  The cause of action appears to assert the following:  (1) company-

22  designated holidays are vacation days (SAC ¶ 15); (2) vacation days are wages

23  (SAC ¶ 20); and therefore (3) failure to schedule company-designated holidays

24  somehow deprives an employee of wages.  This claim fails for two separate and

25  distinct reasons.  First, there was no agreement between Best Buy and Plaintiffs for

26  Plaintiffs to be scheduled for a day off if they worked a company-designated

27  holiday.  Second, even if such an agreement existed, holidays are not wages and

28  failure to take a holiday cannot form the basis for a wage claim.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

15

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

### 1. No Agreement Obligated Best Buy to Schedule Plaintiffs for a Day Off If They Worked a Company-Designated Holiday

Plaintiffs' First Cause of Action is premised on the allegation that Plaintiffs were entitled to a "floating holiday." SAC ¶ 20. The only basis for this entitlement alleged by the SAC is the Scheduling Memo. SAC ¶ 15. The Scheduling Memo, however, could not create any benefit to Plaintiffs or obligation by Best Buy because Best Buy never provided the Scheduling Memo to Plaintiffs or otherwise made them aware of its terms prior to any holiday. Indeed, Plaintiffs were not aware of the Scheduling Memo or any of its terms prior to working on a holiday. Thus, Plaintiffs cannot show that they were ever entitled to a "floating holiday" pursuant to the Scheduling Memo in the first instance. *See*, *e.g.*, *Pettis*, 1994 WL 283952, at *1; *Modafferi*, 1991 WL 527677, at *5-*6; *Foley*, 47 Cal. 3d at 675 n.20; *Hillsman*, 153 Cal. App. 3d at 753; *see also* Cal. Lab. Code § 227.3 (which requires the existence of a contract or policy between the parties).

### 2. Even If the Scheduling Memo Provided a Benefit to Plaintiffs, the Benefit Does Not Constitute Vacation

Employment benefits such as sick leave and holiday pay are a matter of contract between an employee and employer and the benefits may be taken only pursuant to the terms of the agreement. *See Paton v. Advanced Micro Devices, Inc.*, 197 Cal. App. 4th 1505, 1519 (2011) (distinguishing conditional time off benefits that need only be taken pursuant to their terms from vacation). Here, the purported "contract," the Scheduling Memo, states that "if the holiday is not used on the designated day, it will be lost" and that "unused holidays will not be paid out upon termination." Thus, pursuant to the alleged agreement, no amounts could possibly be owed to Plaintiffs under the agreement at issue.

Plaintiffs, however, endeavor to recharacterize holidays as vacation in an effort to take advantage of Section 227.3, which invalidates vacation agreements that result in a forfeiture of earned *vacation*. Applicable law, however, makes clear

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

16

DEF'S MEMO OF POINTS & AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

that where, as here, a company has a separate vacation policy (UF 35) and time off is conditioned upon the occurrence of a specific event, the paid time off is not vacation.  If the time off is not vacation, it is perfectly legal for an employer to condition the time off on the occurrence of an event and for the employee to lose the time off benefit if the event does not occur.

Both the California Division of Labor Standards Enforcement ("DLSE") and courts have distinguished between benefits that are earned only on the occurrence of events and vacation that is earned as an employee works and cannot be forfeited. In *Paton,* the California Court of Appeals recently explained the distinction between "vacation" that cannot be forfeited and other types of paid time off:

> "Vacation is [] different from paid time off that is conditioned upon the occurrence of a specific event or granted for a particular purpose. For example, *some employers give paid time off for state or federal holidays.  The right to this type of time off does not vest with day-to-day employment; it vests upon the occurrence of the holiday*. . . . [W]ith these *conditional* types of leave, the employee is typically expected to use the leave for the identified purpose.  But with vacation, the employee may use the time off for any purpose."

*Paton*, 197 Cal. App. 4th at 1519 (emphasis added).  The court then set three conditions for a determination of what constitutes vacation that cannot be forfeited: (1) it is paid time off that accrues in proportion to the length of the employee's service; (2) it *is not* conditioned upon the occurrence of any event or condition; and (3) no conditions are imposed on the employee's use of the time away from work. *Id.*; *see also* Request for Judicial Notice ("RJN"), Ex. A, DLSE Opinion Letter 2003.05.21 (opining that  a policy that provides for time off when specifically taken in conjunction with some event, for example specified holidays, is not vacation that must be paid out if not used); RJN, Ex. B, DLSE Enforcement Policies & Interpretations Manual § 15.1.12 (distinguishing vacation from the right to take time off that is tied to a specific event or chain of events).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

17

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1   Here, Plaintiffs cannot establish either of the first two elements necessary to
2   show that the Scheduling Memo sets forth a "vacation" policy.  First, the time off
3   for a company-designated holiday does not accrue in proportion to the employee's
4   service.  A manager who begins employment on the day before a designated
5   holiday is entitled to the same benefit (one day off) as an employee who has worked
6   for twenty years.  Second, the benefit *is* conditioned on the occurrence of a specific
7   event – the occurrence of the company-designated holiday (*i.e.*, New Year's Day,
8   Memorial Day, July 4th, and Labor Day).  *See Paton*, 197 Cal. App. 4th at 1519
9   ("paid time off for *state or federal holidays*" does not constitute vacation under
10  Section 227.3 (emphasis added)).  Under the Scheduling Memo (had it applied),
11  managers were expected to either take the designated holidays off or if they worked
12  on one of these days, they were expected to take a day off within a 30-day window
13  of these holidays.  This time off was "conditioned upon the occurrence of [the]
14  specific [holiday]" and "granted for [that] particular purpose."  *Id.*  Accordingly, the
15  paid time off for the holidays delineated in the Scheduling Memo *is not* "vacation"
16  under Section 227.3, and summary judgment should be granted as to Plaintiffs'
17  First Cause of Action.

18          **D.      Plaintiffs' Second Cause of Action Fails**

19  Plaintiffs' Second Cause of Action alleges Best Buy failed to pay wages to
20  Plaintiffs upon their termination.  Plaintiffs plead that, upon termination, Best Buy
21  "willfully failed to pay Plaintiffs . . . their unused floating holiday compensation."
22  SAC ¶ 30.  This claim is derivative of Plaintiffs' other causes of action because it is
23  premised on the theory that the Scheduling Memo provided Plaintiffs with "floating
24  holidays" or "vacation" under Section 227.3, and Best Buy failed to pay Plaintiffs
25  "compensation for unused floating holidays."  *See* SAC ¶¶ 20, 22, 30.  Accordingly,
26  it fails for the same reasons as Plaintiffs' First Cause of Action.

27  In addition, Karrer's claim for failure to pay wages upon employment
28  termination fails for the separate and distinct reason that his employment has not

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE
DB1/ 69368262.1
18
DEF'S MEMO OF POINTS & AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1    terminated.  UF 36.  Thus, he cannot have a claim for failure to pay wages upon

2    employment termination.

3           Finally, Plaintiffs' Second Cause of Action fails for the separate and distinct

4    reason that a good faith dispute exists regarding whether the Scheduling Memo,

5    even if it created an obligation to Plaintiffs, constitutes "vacation" that cannot be

6    forfeited upon employment termination.  In order to recover waiting time penalties

7    under California Labor Code Section 203 ("Section 203"), the Court must find that

8    Best Buy "willfully" failed to pay Plaintiffs their wages upon their separation from

9    employment.  Cal. Lab. Code § 203.  An employer, however, is not liable for

10   waiting time penalties when a "good faith dispute" exists over the payment of past

11   wages.  *See* Cal. Code Regs. tit. 8, § 13520; *see also Smith v. Rae-Venter Law

12   Group*, 29 Cal. 4th 345, 354, n.3, 4 (2002) (holding that good faith dispute negated

13   claim for waiting time penalties), superseded by statute on other grounds as stated

14   in *Sampson v. Parking Service 2000 Com, Inc.*, 117 Cal. App. 4th 212, 220 n.8

15   (2004); *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 325 (2005) ("A good faith

16   belief in a legal defense will preclude a finding of willfulness."); *Nordstrom*

17   *Commission Cases*, 186 Cal. App. 4th 576, 584 (2010) ("There is no willful failure

18   to pay wages if the employer and employee have a good faith dispute as to whether

19   and when the wages were due.").

20          A "good faith dispute" occurs when "an employer presents a defense, based

21   in law or fact which, if successful, would preclude any recovery on the part of the

22   employee."  Cal. Code Regs. tit. 8, § 13520.  Whether the defense ultimately is

23   successful is inconsequential.  *Id.*; *see FEI Enterprises, Inc. v. Kee Man Yoon*, 194

24   Cal. App. 4th 790, 802 (2011) ("A 'good faith dispute' that any wages are due

25   occurs when an employer presents a defense, based in law or fact which, if

26   successful, would preclude any recovery on the part of the employee.  The fact that

27   a defense is ultimately unsuccessful will not preclude a finding that a good faith

28   dispute did exist.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

19

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1  As discussed above, Best Buy presents the defenses that the Scheduling

2  Memo is not a contract and even if it was, it does not provide "vacation" under

3  Section 227.3.  Consequently, even if Plaintiffs could somehow demonstrate that

4  the Scheduling Memo entitles them to "wages" (which they cannot), they cannot

5  recover waiting time penalties as a matter of law.[5]  Accordingly, Plaintiffs' Second

6  Cause of Action for penalties pursuant to Section 203 fails.

7       **E.**    **Summary Judgment Should Be Granted As to Plaintiffs' Third**

8                 **Cause of Action for Violation of Section 227.3**

9  Plaintiffs' Third Cause of Action is an express claim under Section 227.3 in

10  which they allege that Best Buy's Scheduling Memo was a vacation policy that

11  violated Section 227.3 because it allegedly forfeited "vested vacation time."  *See*

12  SAC ¶¶ 37-39.  As discussed above, this claim fails for two separate and distinct

13  reasons.  First, Section 227.3 requires the existence of a contract, and the

14  Scheduling Memo cannot constitute a contract.  Second, as described in Section

15  IV.C.2 above, even if the Scheduling Memo is considered to be a contract, it does

16  not provide "vacation" under Section 227.3 because the time off provided is

17  expressly conditioned upon the occurrence of specific California and Federal

18  holidays.

19  Section 227.3 states that vacation as provided by a "contract of employment

20  or employer policy" cannot be forfeited.  As described in Section IV.B above, the

21  Scheduling Memo cannot be a contract of employment with Plaintiffs because it

22  was never offered to Plaintiffs before they worked on a designated holiday and they

23  never knew about and therefore could not have accepted the terms of the

24  Scheduling Memo.  Moreover, the Scheduling Memo cannot constitute a "policy"

25  with respect to Plaintiffs because it was never distributed to them, they never relied

26

27  [5] As discussed below, summary judgment must be granted as to Karrer because he

28  is a current employee, and Section 203 penalties are available *only* to "an employee who is discharged or who quits."  Cal. Lab. Code § 203.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

20

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

on it, it was never part of their employment agreement, and Plaintiffs are unaware of any store following the guidelines set forth in the Scheduling Memo.  *See* UF 11-17, 37.  *Cf. Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th, 317, 344 ("formal personnel policies and procedures in handbooks, manuals and memoranda ***disseminated*** to employees" are generally enforceable); *Foley*, 47 Cal. 3d at 682 ("employer[s] [are] bound by ***published*** 'Policies and Procedures'" citing to *Morris v. Lutheran Medical Center*, 215 Neb. 677  (1983)); *but see Hepp v. Lockheed-California Co.*, 86 Cal.App.3d 714, 719 (1978) (unwritten but "***well established***" policy regulating rehiring of employees laid off for lack of work is enforceable).

As described in Section IV.C.2 above, Section 227.3 has no application to the benefit described by the Scheduling Memo.  The described benefit does not depend on the length of a manager's employment and it is specifically conditioned upon the occurrence of a specific event (a company-designated holiday).  Thus, the policy cannot constitute vacation under Section 227.3.  *See Paton*, 197 Cal. App. 4th at 1519.

Summary judgment should therefore be granted as to Plaintiffs' Third Cause of Action.

### F.   **Plaintiffs' Fifth Cause of Action Under California's Unfair Competition Law Should Be Dismissed As Derivative**

Plaintiffs' Fifth Cause of Action is for unfair competition under California Business and Professions Code Section 17200 *et seq.*  This claim depends entirely on Plaintiffs' First, Second, and Third Causes of Action.  *See* SAC ¶ 50 ("Best Buy has engaged in unfair and unlawful practices by failing to pay Plaintiffs … all wages owed to them and for maintaining a floating holiday policy that includes a forfeiture provision . . . .").  Because Plaintiffs' underlying claims under Section 227.3 fail, Plaintiffs' unfair competition claim must fail.  *See, e.g., Prachasaisoradej v. Ralph's Grocery Co.*, 42 Cal. 4th 217, 244 (2007) (holding that derivative unfair competition claim fails with underlying claim); *Rubin v. Wal-Mart*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

21

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1  *Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009) (holding that where
2  claims for violations of the California Labor Code failed, derivative claim for unfair
3  competition also failed); *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164,
4  178 (2001) (holding that where unfair competition claim was dependent of other
5  claims, the unfair competition claim must be dismissed when the other claims are
6  dismissed); *Van Ness v. Blue Cross*, 87 Cal. App. 4th 364, 371 (2001) (dismissal of
7  fraud claims resulted in dismissal of unfair competition claim).  Accordingly,
8  Plaintiffs' Fifth Cause of Action also must be dismissed because it is entirely
9  dependent on their other untenable claims.

10      **G.**    **Plaintiffs' Sixth Cause of Action Under PAGA Should Be**
11          **Dismissed**

12        Plaintiffs' PAGA claim similarly depends entirely on a finding that
13  Plaintiffs' First, Second, and Third Causes of Action survive.  *See Arias v. Superior*
14  *Ct.*, 46 Cal. 4th 969, 986-87 (Cal. Ct. App. 2009) (recovery under PAGA requires
15  proof of a Labor Code violation).  Because these causes of action fail as a matter of
16  law, Best Buy is entitled to summary judgment on Plaintiffs' PAGA claim as well.

17      **H.**    **Summary Judgment Should Be Granted on All of Karrer's Labor**
18          **Code Claims**

19        Section 227.3 provides that an employee has the right to be paid for unused
20  vacation only after the "*employee is terminated without having taken off his*
21  *vested vacation time*."  Cal. Lab. Code § 227.3 (emphasis added).  "Thus,
22  termination of employment is the event that converts the employer's obligation to
23  allow an employee to take vacation from work into the monetary obligation to pay
24  that employee for unused vested vacation time.  Consequently, *[a plaintiff's] cause*
25  *of action to enforce his statutory right to be paid for vested vacation [does] not*
26  *accrue until the date his employment [is] terminated.  [If a plaintiff files] a cause*
27  *of action seeking payment for unused vested vacation before his employment with*

28  

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

22

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)

1   *[his employer] ended, that cause of action [will be] dismissed as premature.*"

2   *Church v. Jamison*, 143 Cal. App. 4th 1568, 1576-77 (2006) (emphasis added).

3       Because Karrer is a current employee and was never terminated during the

4   class period (UF 36), Best Buy could not have violated Section 227.3 with respect

5   to Karrer.  As discussed above, Karrer's First, Second, Third, Fifth, and Sixth

6   Causes of Action are expressly based on or derivative of Best Buy's supposed

7   violation of Section 227.3.  *See* SAC ¶¶ 20, 22, 28-30, 37-39, 50, 94.  Accordingly,

8   summary judgment should be granted as to Karrer's First, Second, Third, Fifth, and

9   Sixth Causes of Action.

10   **V.     CONCLUSION**

11       For the foregoing reasons, Best Buy respectfully requests that the Court grant

12   its motion for summary judgment and dismiss all of the claims in Plaintiffs' SAC

13   or, in the alternative, grant partial summary judgment of Plaintiffs' claims.

14

15   Dated:       March 16, 2012            MORGAN, LEWIS & BOCKIUS LLP

16                                         By  /s/ Barbara J. Miller

17                                         Barbara J. Miller
                                           Maria O. Gutierrez

18                                         S. Sean Kundu
                                           Attorneys for Defendant
                                           BEST BUY STORES, L.P.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 69368262.1

23

DEF'S MEMO OF POINTS & AUTHORITIES
ISO MOTION FOR SUMMARY JUDGMENT
CV 11-07697 JAK (MRWX)