David R. Markham (SBN 071814)
dmarkham@clarkmarkham.com
R. Craig Clark (SBN 129219)
cclark@clarkmarkham.com
James M. Treglio (SBN 228077)
Laura M. Cotter (SBN 259445)
**CLARK & MARKHAM LLP**
600 B Street, Suite 2130
San Diego, California 92101
Tel: (619) 239 1321
Fax: (619) 239 5888

Walter Haines (SBN 071075)
**UNITED EMPLOYEES LAW GROUP**
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (877) 696-8378
Facsimile: (562) 256-1006

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KARRER, and SANTIAGO ESTRADA, individuals, on behalf of themselves, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES L.P., a Minnesota Corporation authorized to do business in the State of California,<br><br>Defendants. | Case No. CV-11-07697 JAK (MRWx)<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 19, 2012<br>Time: 8:30 a.m.<br>Ctrm.: 760-7th Floor |

1

Pursuant to Rules 201 and 202 of the Federal Rules of Evidence, Plaintiffs respectfully request judicial notice of the following documents:

1. DLSE (Department of Labor Standards Enforcement) Opinion Letter, April 27, 1992: **Exhibit 1**

2. DLSE Enforcement Manual, Section 15.1.2: **Exhibit 2**

The DLSE is the state agency that adjudicates wage claims, investigates discrimination and public-work complaints, and enforces the Labor Code and Industrial Welfare Commission orders. See Cal. Labor Code §§ 82-83.

The documents are properly the subject of judicial notice as public records. *City of Sausalito v. O'Neill*, 386 F3d. 1186, 1244, n.2 (9th Circuit 2004). The Courts routinely grant judicial notice of the DLSE records such as opinion letters. *Circairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 956, Fn. 1 (2008); *Church v. Jameson*, 143 Cal. App. 4th 1568, 1579, Fn.11 (2006). Further, the records are not is reasonable dispute. Therefore, the Plaintiffs respectfully request that this request for judicial notice be granted.

Dated: March 26, 2012  **CLARK & MARKHAM LLP**

By: /s/ Laura M. Cotter
   David R. Markham
   R. Craig Clark
   James M. Treglio
   Laura M. Cotter
   Attorneys for Plaintiffs

# EXHIBIT 1

STATE OF CALIFORNIA                                                                                      PETE WILSON, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
**DIVISION OF LABOR STANDARDS ENFORCEMENT**
LEGAL SECTION
455 Golden Gate Avenue, Room 3166
San Francisco, CA 94102
(415) 703-4150

H. THOMAS CADELL, JR., *Chief Counsel*


April 27, 1992


Gregory D. Wolflick, Esq.
Wolflick & Simpson
130 North Brand Blvd., Suite 410
Glendale, CA 91203


    Re: **Holiday Pay**


Dear Mr. Wolflick:

    This is in response to your letter of March 23, 1992, regarding the above-referenced subject. You state that your office has received conflicting explanations of the Division's enforcement policy with regards to an employer's obligation to pay terminating employees for holiday benefits. It is assumed that conflict arises as a result of the policy adopted by your client which allows non-exempt employees to accumulate two "floating holidays" during the year. We believe that the policy provisions which, according to your explanation of the policy, allow the employee to take these "floating holidays" at any time, has caused confusion.

    The printed policy which you have attached to your letter provides, in regard to these "floating holidays" as follows:

> In addition to the recognized holidays previously listed, eligible nonexempt employees will receive two floating holidays (birthday and employment anniversary) in each calendar year.

    In another part of the "Holidays" policy it is clearly provided that in order to be eligible for holiday pay, non-exempt employees must work the last scheduled day immediately preceding the holiday and the first scheduled day immediately following it. An exception is made if the holiday falls within an employee's "paid absence" (e.g., vacation, sick leave). These "floating" holidays are also referred to in the policy as "personal holidays."

Gregory D. Wolflick, Esq.
April 27, 1992
Page 2

You state that it is the company's policy to allow eligible employees to "observe the holiday for their birthday or anniversary on a day they may select..." The selection is, we assume, random. This policy is not set out in the written policy you submitted. However, you state, the same condition precedent is imposed on these "holidays" as on all other holidays provided in that the employee must work both the day before and the day after the holiday in order to be eligible for the holiday pay. You relate a discussion of this policy with one of our Deputy Labor Commissioners wherein the Deputy opined that the employer under these circumstances, would be obligated to pay the employee for all floating holidays not taken.[1]

In your letter you ask that our answer assume that the employee has worked the day before and the day after his or her anniversary and/or birthday, but has not taken the day off.

You vigorously defend the policy stating that the Deputy's interpretation ignores the clear and express intent of the policy in that the "policy does not indicate that the employees accrue holiday benefits by working the day before and the day after the actual holiday. To the contrary", you argue, "the policy clearly indicates that to be eligible for holiday 'pay', the employee must work the day preceding and the day after the holiday."

As I understand your argument, the use of the word "pay" in this context is determinative. It is true, that the policy states that "To be eligible for holiday pay, nonexempt employees must work the last scheduled day immediately preceding the holiday and the first scheduled day immediately following it," but you ask us to assume that such is the case; that is that the employee "has worked the day before and the day after his or her anniversary and/or birthday". It seems quite clear that based upon common law contract principles the employee has met the condition precedent as to "holiday" pay and would be entitled to recover the "pay" for the unused "floating holiday" absent language in the contract (i.e., the policy) which would clearly indicate that the "holiday pay" was to be forfeited under these circumstances.

Aside from the common law principles, we must address the statutory requirements. The question of whether these "personal holidays" are subject to the statutory provisions of Labor Code §227.3 has been dealt with in the past. Interpretive Bulletin 86-3, promulgated by the Labor Commissioner on September 30, 1986,

---

[1] We assume, for purposes of this letter, that the Deputy meant all "floating holidays" which they have accrued by reason of the fact that they have been employed on the anniversary of their birthday and/or their anniversary with the company.

Gregory D. Wolflick, Esq.
April 27, 1992
Page 3

outlines the DLSE position in this regard. The Interpretive Bulletin speaks to the issue of "paid days off" which an employee has an absolute right to take off which are not contingent upon such things as "sick leave". Based upon this Interpretive Bulletin, the DLSE has taken the position that if an employer offers "time off" which is not contingent upon the happening of a specific event (i.e., sickness, a holiday, bereavement, etc.) the time off will be treated as a vacation and will be subject to the principles of *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal.3d 774. The question, then, is whether the "personal days" contained in your client's policy are, in fact, vacation days?

In addressing this issue we must consider the effect of our ruling on other cases[2]. If your client's policy, which requires that the employee is eligible for a vacation day with pay upon the happening of a specific event (i.e., anniversary or birthday), were to be enforced so as to limit the "holiday" to the date of the happening of the event, the additional holidays would not be considered vacation[3]. If, on the other hand, the "holiday" need not be taken on the day of the event (or pursuant to the policy if the "event falls on a Saturday, Sunday or during paid time-off[4]), then the "holidays" are "personal" holidays and are subject to the *Suastez* principles.

Perhaps an explanation of the rationale for this decision would make it more palatable. If DLSE were to allow employers to provide "discretionary" time off under the guise of "floating holidays" or "personal days" as holidays not subject to the *Suastez* principles, it would be an invitation for the unscupulous employer to simply revise the company "vacation" plan to a "discretionary holiday" plan. Thus, that employer could offer the same benefit as the employer with a vacation plan, but not be burdened with the provisions of §227.3 which require the employer to pay a terminating employee all accrued vacation pay. That result would

---

[2]   A perusal of the pages of the policy manual you submitted would indicate that your client is more than fair in dealing with its workers. However, that is not the issue here. The issue is whether, under either contract principles or statutory law, your client's policy requires the payment of unused "floating" or "personal" holidays.

[3]   As pointed out above, the policy does not specifically provide for the time to be used at the discretion of the employee. It does, however, strongly imply that the time may be used at some other time than the happening of the event so long as the time off is scheduled with the approval of the supervisor.

[4]   The Division will accept a program which would allow the employee to take the "anniversary" or "birthday" holiday any time within a week from the date it arises so as to allow the employee to take advantage of a long weekend.

Gregory D. Wolflick, Esq.
April 27, 1992
Page 4


not be equitable and, inasmuch as the legislative mandate to the Labor Commissioner in §227.3 is to apply the principles of equity and fairness, it would not be in keeping with that mandate.

In summary, in this case, absent a change in the written policy, it is the opinion of the Division that the employee, given the assumed facts, would be entitled to recover the pay for the "holiday" under either common law contract principles or based upon the principles announced by the Supreme Court in *Suastez*.

I hope that this is of assistance to you and your client. Let me emphasize that it is not intent of the DLSE to picture your client's policy as a subterfuge. As pointed out earlier, the limited information you submitted indicates an enlightened approach to employee relations. However, as explained, any deviation from the policy set out by the Division would lead to opportunities for the application of a subterfuge.

Because your letter indicates that you received differing opinions on this question from various offices of the Division, I am taking this opportunity to provide copies of this letter to all of our offices, statewide.

Yours truly,



H. THOMAS CADELL, JR.
Chief Counsel


c.c. Victoria Bradshaw
     James Curry
     Simon Reyes

# EXHIBIT 2

**DIVISION OF LABOR STANDARDS ENFORCEMENT**
**ENFORCEMENT POLICIES AND INTERPRETATIONS MANUAL**

15.1.12   **Confusion Of Vacation Pay With Other Leave Benefits.** DLSE has been asked on numerous occasions to give an opinion regarding the difference between vacation wages and other leave benefits. The DLSE has always opined that leave time which is provided <u>without condition</u> is presumed to be vacation no matter what name is given to the leave by the employer. Such an enforcement policy insures that leave policies which are nothing more than vacation policies under a different name are not instituted as subterfuges to defeat the provisions of Labor Code § 227.3 and the conclusions of the California Supreme Court in *Suastez*. Thus, there must be an objective standard by which it can be established that the leave time is attributable to holidays, sick leave, bereavement leave or other specified leave. Tying the right to take the time to a specific event or chain of events such as allowing a vacation period for the Thanksgiving weekend would suffice to satisfy the test. (See discussion of the test in O.L. 1992.04.27, 1986.10.28, 1986.11.04, 1987.01.14-1).